Mark F. James (5295)
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
mjames@hjdlaw.com

Rafey S. Balabanian*
Benjamin H. Richman*
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
rbalabanian@edelson.com
brichman@edelson.com

*Pro Hac Vice application forthcoming.

Attorneys for Plaintiff MICHAEL SOSA

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL SOSA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　*Plaintiff*,<br><br>v.<br><br>ONE ON ONE MARKETING, LLC, a Utah limited liability company,<br><br>　　　　　　　*Defendant*. | **COMPLAINT AND JURY DEMAND**<br><br>**PROPOSED CLASS ACTION**<br><br>Case No. 2:12-cv-00369-DS<br><br>Judge David Sam |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Michael Sosa brings this class action complaint against Defendant One on One Marketing, LLC (hereinafter, "One on One" or "Defendant") to stop Defendant's practice of making unsolicited phone calls to cellular telephones and to obtain redress for all persons injured

1

by Defendant's conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. In an effort to promote its business partners' for-profit online distance learning programs and related websites, Defendant engaged in an especially pernicious form of marketing: the placing of unsolicited phone calls to the cellular telephones of Plaintiff and thousands of individuals and entities throughout the nation.

2. By placing these phone calls, Defendant has not only subjected Plaintiff and the other members of the putative class (the "Class," as defined below) to the aggravation that necessarily accompanies the invasion of privacy caused by unsolicited cell phone calls, but caused Plaintiff and the Class actual harm in that these calls utilized or otherwise deducted minutes from their respective wireless calling plans.

3. In order to redress these injuries, Plaintiff, on behalf of himself and the Class, brings this lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited telephone calls to cellular phones.

4. Plaintiff seeks an injunction requiring Defendants to cease all unsolicited phone call activities and an award of statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff is a natural person and domicile of the State of Missouri.

6. Defendant One on One is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 2912 Executive Parkway, Suite 300, Lehi, Utah 84043.

## JURISDICTION

7. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1391(a) as Defendant is headquartered in this District and a substantial part of the events concerning the unsolicited phone calls at issue in this lawsuit occurred here.

## FACTUAL ALLEGATIONS

9. Unsolicited telephone calls have long been a primary means for companies to market products and services to consumers nationwide. While legislative and regulatory efforts have slowed the overwhelming and intrusive nature of limitless telephone solicitation, companies like Defendant continue to force themselves into consumers' lives by using automated dialing equipment.

10. In this case, over the course of an extended period beginning in or about 2010, Defendant directed the mass placement of telephone calls with automated dialing equipment to the cellular telephones of members of the Class without authorization in an effort to promote

various for-profit education products and services on behalf of its business partners, like the University of Phoenix, Kaplan University and Everest University Online.

11. The phone calls were placed with the specific purpose of promoting Defendant's business partners' online distance learning programs.

12. On or around June 23, 2011, Plaintiff received a telephone call to his cellular phone from the number, (917) 398-5568. When Plaintiff answered the call, a telemarketer began to promote several online distance-learning programs. Plaintiff informed the telemarketer that he did not want to receive any further telephone calls from Defendant.

13. Nevertheless, following the call he received from Defendant on June 23rd, Plaintiff received approximately 15 to 20 additional phone calls from the same phone number promoting the very same programs. On several occasions, the call would disconnect after only a few rings.

14. Plaintiff never consented nor requested to receive any telephone calls from Defendant or its business partners, let alone calls related to online education.

## **CLASS ACTION ALLEGATIONS**

15. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All persons in the United States who received a telephone call to their cellular telephone from One on One Marketing, LLC promoting online education or other distance learning programs, that was made without their prior express consent.

16. The Class consists of thousands of individuals and entities, making joinder impractical.

17. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

18. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

19. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class in making the unsolicited telephone calls at issue here, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

20. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class.  Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

21. There are many questions of law and fact common to Plaintiff's claims and the claims of the other members of the Class. Those questions predominate over any questions that

may affect the individual members of the Class. Common and predominant questions for the Class include, but are not limited to, the following:

    a.    whether Defendant's conduct violated the TCPA;

    b.    whether the equipment utilized by Defendant or its agents to place the calls at issue constitutes an automatic telephone dialing system under the TCPA; and

    c.    whether Class members are entitled to treble damages as a result of the willfulness of Defendant's conduct.

22.    In the event that the Court certifies this case as a class action, notice of the pendency of this action may be provided to all Class members by, *inter alia*, publication on national websites, in national news and entertainment print publications, through television and radio advertisements, and/or through direct mailings to any Class members for which Defendant maintains mailing address information.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227

23.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

24.    Defendant and/or its agents made thousands of unsolicited commercial telephone calls to a list of wireless telephone numbers belonging to Plaintiff and the other members of the Class. In order to make such unsolicited telephone calls, Defendant utilized equipment that had the capacity to store and dial telephone numbers to be called using a random or sequential number generator.

25. The phone calls were made *en masse*—often disconnected before being answered by the Class—and without the prior express consent of Plaintiff and the other members of the Class.

26. Through its conduct described herein, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, the members of the Class suffered an invasion of privacy and actual damages and therefore, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 for each such violation.

27. Should the Court determine that Defendant's unlawful conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Michael Sosa, on behalf of himself and the Class, prays for the following relief:

    a. An order certifying the Class as defined above;

    b. An award of actual and statutory damages;

    c. An injunction requiring Defendant to cease all unsolicited telephone call activity;

    d. An award of reasonable attorneys' fees and costs; and

    e. Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

DATED this 18th day of April, 2012

                                      Hatch, James & Dodge, P.C.
                                      Mark F. James

                                      Edelson McGuire LLC
                                      Rafey S. Balabanian*
                                      Benjamin H. Richman*
                                      *<i>Pro Hac Vice application forthcoming.</i>

                                      /s/  <i>Mark F. James</i>
By:                                   _____
                                    Attorneys for Plaintiff Michael Sosa